UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-0025 (UNA) |
| ) | |
| TUCSON POLICE DEPARTMENT, ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court must dismiss a case "at any time" if it determines that the action is frivolous.

According to plaintiff, he is subjected to a "psychological warfare system," and the FBI "is using cyber attacks" and "fraud" whenever plaintiff attempted to schedule appointments with medical specialists. Compl., Ex. (ECF No. 1-1) at 10 (page numbers designated by CM/ECF). Plaintiff attributes to defendant various malfunctions of his vehicle, to include lights "blink[ing] from the inside" and an engine that "would stall." *Id.* at 11-12. For these and other alleged "illegal acts by Tucson Police Plaintiff seeks judgment of 10 million" dollars. *Id.* at 12.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). On review

of the complaint, the Court concludes that its factual allegations are incoherent, irrational or wholly incredible, rendering the complaint subject to dismissal as frivolous, *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality").

A separate order will issue.


DATE: January 19, 2023

/s/
CHRISTOPHER R. COOPER
United States District Judge